S. F. S. REALTY CO., INC., Plaintiff, *v.* GEORGE M. ADRIAN & CO., INC., Defendant.

City Court of New York, New York County, November 13, 1935.

*Shapiro & Frieder* [*Jacob Shapiro* of counsel], for the plaintiff.

*Mackey, Herrlich & Breen* [*Richard J. Mackey* of counsel], for the defendant.

MADIGAN, J. The corporate veil may be drawn aside to expose and enforce obligations which in fact are obligations of other persons. On the other hand, the corporate form is not to be employed as an instrument for realizing on unjust demands. Certain survivors of Henry W. Gennerich, who may be referred to, generally, as his family, would use plaintiff corporation as a cloak to conceal the realities here. It is fairly to be inferred from the evidence that Henry W. Gennerich for many years represented, in relation to the various real properties, both himself and his family, the word family being employed to include all the persons referred to above. Though, at the present time, the widow and the others would have themselves seen only as stockholders, the true view is indicated by the testimony of Walter H. Gennerich and the testimony of Charles A. Adrian. The transactions run back a quarter of a century. Henry W. Gennerich apparently was the head of the family. They left everything relating to the properties to him. He was the person authorized to collect the rents. He could collect them himself or through some real estate office such as that conducted by defendant. However they might be collected, he was the person authorized to take and handle them. Had he not been handling them as he was authorized or entitled to handle them, it is natural to conclude, from the record, that one or more of the other persons concerned would have intervened. Now, however, disregarding everything which they did or failed to do in the past, they would make defendant pay again. There is testimony indicating that, before Henry W. Gennerich died, financial matters had become bad with him. Very likely they had, both with him and the family properties, in view of the condition of real estate. Is it not fairly to be inferred that the head of the family was doing the best he could for them? Now they would receive double benefit at defendant's expense. The principles of law invoked by plaintiff are not applicable to this particular family situation. Possibilities for abuse in matters of the kind would be unlimited. Judgment for defendant.